CASE 87—PETITION ORDINARY—MAY 17.

## Keene's Administrator v. Miller.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. PRINCIPAL AND SURETY—WHEN ALTERATION WILL NOT RELEASE
   SURETY.—When the legal effect and operation of an instrument
   remain the same, notwithstanding an alteration thereof, after
   the execution by the surety, there is no reason for releasing him;
   in this case the surety signed a note bearing 6 per cent. interest,
   which was afterwards altered so as to bear 8 per cent. interest,
   and it is held that inasmuch as the undertaking to pay anything
   more than 6 per cent. was void and unenforcible, his liability
   was not increased, or undertaking changed.

C. C. McCHORD FOR APPELLANT.

1. A material alteration of a contract must be such alteration as
   changes the legal effect of the instrument (Clark on Contracts,
   page 687), and inasmuch as the undertaking to pay in excess of
   6 per cent. interest was void, there was no change in the legal
   effect of the instrument. Ky. Stats., sec. 2219; Clark on Con-
   tracts, p. 17; Hart v. Hayden, 79 Ky., 352; Sowders v. Citizens'
   Bank, 12 Ky. Law Rep., 356; Phillips v. Breck's Exor., 79 Ky.,
   467; 12 Bush, 300; 1 Duval, 108.

CLEMENTS & THURMAN FOR APPELLEE.

1. A surety who signs a note in blank to enable the principal to raise
   money will not be bound thereon if the blank be filled with a rate
   of interest greater than the legal rate, in the absence of an ex-
   press agreement.    Am. & Eng. Enc. of Law, vol. 2, 2d ed., p. 256
   and note; Paris National Bank v. Nickels, 34 Mo. App., 295;
   Washington Bank v. Ecky, 51 Mo., 272.

2. The object and reason of the law which renders void as to a
   surety a paper which has been materially altered · without his
   knowledge or consent is not only to protect the surety against
   fraud and imposition, but to guard and protect the purity and

sacredness of written instruments; in this case the purity of the instrument has been interfered with, and the paper has lost its identity.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The question in this case is as to the liability of T. J. Miller, who as the surety of his brother, Henry Miller, signed a blank note of the following printed form which was filled up and altered in the manner hereafter mentioned:

$........                    Springfield, Ky.,..........189..

"The parties waive protest, or notice of protest, if this paper is not honored at maturity.

....................after date....promise to pay to the order of........................., ............Dollars, value received, negotiable and payable at the First National Bank, Springfield, Ky., with interest from date at the rate of six per cent. per annum, until paid.

"No......                    ....................

                            ....................

"Due......                    ....................

The blanks were filled by the insertion of the date, the amount, which is $1,000; time of payment, which is six months after date, and the name of the payee, C. W. Keene. And the alteration was made by striking out the word *six* and inserting the figure 8, whereby the obligation was to pay eight instead of six per cent. interest from date.   After thus filling the blanks and making the alteration, which was done by Henry Miller, he affixed his signature above that of T. J. Miller, delivered the note, and received the $1,000—then borrowed from Keene.

When a party, being an intended surety, signs his name

to a blank note, he thereby, at least impliedly, authorizes his intended principal, as his agent, to fill the blanks, as to the amount to be paid, and terms, date of payment of both principal and interest. And the payee, may safely furnish the money, or other consideration of the note, relying and having the legal right to rely upon the principal having that authority.

Accordingly, it was held by this court in Patton v. Shanklin, 14th B. Monroe 15, that the principal did not exceed his authority to the prejudice of, or so as to release the surety, although after the note had been signed in blank, he without the knowledge or consent of the surety, inserted an agreement to pay eight per cent. interest, because as then held that agreement being void and unenforcible, his legal obligation was thereby neither changed nor increased. In Terry & Bell v. Hazelwood, 1st Duvall, 104, it is distinctly held that an immaterial alteration in a bond or noté will not violate it, the rule being stated, that where the duties, liabilities, or obligations of a surety are not increased or changed, by an alteration, he can not be prejudiced thereby and should not be released.

In our opinion, where the legal effect and operation of an instrument remains the same notwithstanding an alteration, there is no reason for releasing a surety thereto; and such seems to be the doctrine approved generally, as well as by this court.

In this case the alteration did not have the effect to render the surety legally liable for more than six per cent., which he was bound by the instrument, before the altera-

tion, to pay, because the undertaking to pay in excess of six per cent. interest was void and unenforcible.

Certainly the circumstances under which the alteration was made by Henry Miller do not make this case an exception to, or require a relaxation of the doctrine just stated.

For the evidence shows not only that Thos. J. Miller signed the blank note for the purpose of enabling Henry Miller to borrow the money from the Springfield bank, and in the belief it would be necessary in order for him to get it, to insert an agreement to pay interest at the rate of 8 per cent., but the purpose for which the note was given was to get money to pay off existing notes for which they were jointly bound.

In our opinion the lower court erred in deciding the alteration in question operated to release Thos. J. Miller from liability as surety on the note, and the judgment is reversed and cause remanded for further proceedings consistent with this opinion.